SACKOLITZ v. MID-WEST ABRASIVE COMPANY.

1. WORKMEN'S COMPENSATION—REDEMPTION OF LIABILITY—LUMP SUM—APPROVAL OF AGREEMENT.
    Under the workmen's compensation act, the approval of the workmen's compensation commission is essential to the validity of an agreement for redemption of liability in a lump sum (2 Comp. Laws 1929, § 8438, as amended by Act No. 245, Pub. Acts 1943).

2. SAME—DEPENDENTS—DATE OF INJURY.
    Dependency under the workmen's compensation act is determined as of the date of the injury, hence widower without dependents at time of injury, who later died, left no dependents within the terms of the act notwithstanding he remarried after the injury (2 Comp. Laws 1929, § 8423, as amended by Act No. 245, Pub. Acts 1943).

REFERENCES FOR POINTS IN HEADNOTES
[2] Change of status as regards relationship or dependents after injury as affecting compensation to employee under Workmen's Compensation Act. 73 A.L.R. 1016.

3. SAME—LUMP SUM REDEMPTION OF LIABILITY—APPROVAL—DEATH.
Where agreement for redemption of liability under the workmen's
compensation act in a lump sum was disapproved by the work-
men's compensation commission after death of employee on
day set for hearing, liability for payments for disability which
the employee would have received had he lived, terminated (2
Comp. Laws 1929, § 8428, as amended by Act No. 245, Pub.
Acts 1943).

Appeal from Department of Labor and Industry.
Submitted October 6, 1948. (Docket No. 31, Cal-
endar No. 44,164.) Decided November 12, 1948.

James Sackolitz presented his claim against Mid-
West Abrasive Company, employer, and Michigan
Mutual Liability Company, insurer, for injuries sus-
tained while in its employ. Petition for redemption
dismissed. Agnes Sackolitz, administratrix of the
estate of James Sackolitz, deceased, appeals. Af-
firmed.

*V. O. Braun* and *Kenneth B. Kelly,* for plaintiff.

*L. J. Carey* and *George J. Cooper,* for defendant.

REID, J. Plaintiff took an appeal in the nature of
certiorari from the dismissal by the workmen's com-
pensation commission of a redemption agreement.

Plaintiff's decedent, James Sackolitz, while em-
ployed by defendant Mid-West Abrasive Company
was injured on or about September 28, 1945, in a
fall while carrying office supplies. Plaintiff's de-
cedent was totally disabled until his death on Feb-
ruary 27, 1948. Soon after the injury the defendants
by agreement with decedent paid compensation to
decedent at the rate of $21 per week until October
17, 1947 (a period of 107 weeks, a total payment of
$2,247), when they ceased paying (because they
were informed decedent had recovered from his dis-

ability), and have paid nothing since. Decedent on October 27, 1947, filed an application for hearing and adjustment of claim with the workmen's compensation commission. While the matter was pending before the deputy commissioner, on February 11, 1948 an agreement to redeem liability was completed between the parties, reduced to writing and filed with the commission for approval. The agreement provided that:

"$3,643 shall be forthwith paid by the employer [defendant company] to James Sackolitz and that upon such payment his right to any further compensation shall end and that his claim for compensation will be forever and permanently compromised, settled and redeemed in accordance with the first part of section 22 of part 2 of the workmen's compensation act."

The deputy on February 25, 1948, entered an award of compensation at the rate of $21 a week from October 18, 1947, until the further order of the commission. Application for review of the award is now pending.

The commission set the hearing for approval of the redemption agreement for February 27, 1948 at 2:30 p.m. but plaintiff's decedent died on that day before the hearing could be had.

The section of the workmen's compensation act under which the redemption agreement was made is part 2, § 22 (2 Comp. Laws 1929, § 8438, as last amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8438, Stat. Ann. 1947 Cum. Supp. § 17.172]), which is as follows:

"Whenever any weekly payment has been continued for not less than 6 months, the liability therefor may be redeemed by the payment of a lump sum by agreement of the parties, *subject to the approval of the compensation commission,* and said compen-

sation commission may at any time direct in any case, if special circumstances be found which in its judgment require the same, that the deferred payments due under this act be commuted on the present worth thereof at 5 per cent. per annum to 1 or more lump sum payments, and that such payments shall be made by the employer or the insurance company carrying such risk, or commissioner of insurance, as the case may be." (Italics supplied.)

Under this section of the statute, the approval of the compensation commission is essential to the validity of the agreement for redemption of liability. The agreement of redemption in the case at bar never received such approval and for that reason, never became valid.

At the time of his injury, the employee Sackolitz was a widower and without dependents. While he was receiving compensation, after his injury, he married Agnes Sackolitz, who is now administratrix of his estate and is prosecuting the present litigation. The matter of unpaid weekly amounts up to the time of his death is pending on an appeal to the commission from the award of the deputy commissioner.

When the employee Sackolitz died, there were no dependents who could be recognized under the terms of the workmen's compensation act because dependency is determinable as of the date of the injury (workmen's compensation act, part 2, § 7 [2 Comp. Laws 1929, § 8423, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8423, Stat. Ann. 1947 Cum. Supp. § 17.157)]).

On March 12, 1948, the commission entered its order disapproving the redemption agreement and dismissing the petition to redeem liability. The workmen's compensation act, part 2, § 12 (2 Comp. Laws 1929, § 8428, as amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8428, Stat.

Ann. 1947 Cum. Supp. § 17.162]), provides in part as follows:

"The death of the injured employee prior to the expiration of the period within which he would receive such weekly payments shall be deemed to end such disability and all liability for the remainder of such payments which he would have received in case he had lived shall be terminated."

The dismissal by the commission of the agreement of redemption of liability is affirmed. Costs to defendants.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.